**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**ERIC GARZA** — **CASE NO. 2:25-CV-01118**

**VERSUS** — **JUDGE JAMES D. CAIN, JR.**

**OLIVE GARDEN HOLDINGS L L C ET AL** — **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 14) filed by Defendants, Olive Garden Holdings, LLC GMRI, Inc. erroneously named "FCPT Restaurant Properties, LLC"), and Darden Restaurants, Inc. who move to dismiss Plaintiff, Eric Garza's claims with prejudice. After the parties file their memoranda, Plaintiffs requested additional time to conduct limited discovery to oppose Defendants' Motion.[1] The Court granted that extension and held this motion in abeyance to allow such limited discovery, and for the parties to file supplemental memoranda with supporting summary judgment evidence.[2] Plaintiff filed a supplemental memorandum with summary judgment evidence; Defendants did not file any supplemental memoranda or additional summary judgment evidence and the time for doing so has now expired.

## BACKGROUND

On June 23, 2024, Plaintiff, Eric Garza, was a customer at the Olive Garden Restaurant. Plaintiff was walking in the restaurant when he slipped and fell. Upon entering

[1] Doc. 21.
[2] Doc. 22.

the restaurant, Mr. Garza noticed that chairs were place on the floor to block off a spill; he was instructed by Olive Garden employees to walk around that area.

Mr. Garza was seated for approximately fifteen minutes when he needed to go to the restroom. Mr. Garza approached the area that had previously been blocked of and allegedly was told by Olive Garden employees that he could walk through that area. Upon doing so, Mr. Garza slipped and fell.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Defendants maintain that Plaintiff's claims must be dismissed because the area where Plaintiff slipped and fell was an open and obvious condition and Plaintiff took an unreasonable risk of harm by walking through the area.

Under the Louisiana Merchant Liability Act, a merchant owes a duty to persons who use its premises to exercise reasonable care to keep the aisles, passageways, and floors in a reasonably safe condition. La. R.S. 9:2800.6(A); *Anthony v. J-H-J, Inc.*, 2023-0559 (La. App. 1 Cir. 11/29/23), 380 So.3d 33, 36. La. R.S. 9:2800.6(B) sets forth the plaintiff's burden of proof in such cases as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action , all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable

care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Plaintiff has supplemented his opposition with summary judgment evidence, specifically the deposition testimonies of Nolan Richard and Gabrielle Parker. Plaintiff reminds the Court that Defendants submitted the affidavits of Richard to support their Motion for Summary Judgment. The affidavit of Richard attests that he had personal knowledge of Mr. Garza's fall— "the incident that occurred on June 23, 2024, involving Mr. Erix Garza, who allegedly slipped and fell in the lobby area of the restaurant."[3] Richard attested that he participated in ensuring the accuracy of the setup of the August 7, 2025, re-enactment of the incident scene. Richard also attested that the re-enactment accurately reflected the position of the chairs and wet floor warning cones on the date of the subject incident.[4] Additionally, Richard confirmed that on the date of the incident, the area in question was blocked by approximately four chairs and two wet-floor warning cones ...."[5]

Richard also attests that:

> I further confirm that, on the date of the incident, the area in question was blocked by approximately four chairs and two wet-floor warning cones which presented an open and obvious condition that any reasonable person would have known was a risk to traverse as there may have been something on the floor.[6]

After reviewing his affidavit, Richard testified in his deposition that although he agreed with the affidavit, the law firm prepared it.[7] He also testified that he assisted with

[3] Nolan Richard affidavit, ¶ 3, Doc. 14-4.
[4] *Id.* ¶ 5.
[5] *Id.* ¶ 6.
[6] *Id.* ¶ 6.
[7] Plaintiff's exhibit 1, Richard deposition pp. 28.

placing the four (4) chairs and two (2) warning cones after another patron gentleman accidentally urinated on the floor.[8]

Richard testified that that he did not know see the Plaintiff fall, and he did not know the exact location of Plaintiff's fall, and he did not know where Plaintiff was walking prior to the fall.[9] Richard had no knowledge as to whether an Olive Garden employee instructed Plaintiff to walk through the area that had been blocked by chairs and cones, or if the chairs and cones had been moved.[10] Richard testified that his personal knowledge involved the clean-up and placement of the chairs and cones that he assisted with involving the gentleman who urinated on the floor.[11] Richard was not aware of how much time had elapsed from the time the area was blocked off until the time of Plaintiff's fall.[12]

Plaintiff relies on his version of the events to oppose Defendants' Motion. Plaintiff testified that after being seated in the dining area, about fifteen minutes passed when he proceeded to go to the restroom. When he reached the blocked off area, an Olive Garden employee noticed that he needed to go through the area to get to the restroom. That employee shuffled his foot back and forth and indicated to another Olive Garden employee that the floor was dry.[13] The other employee then proceeded to remove the chairs to allow Plaintiff to walk through the previously blocked off area.[14] After the Olive Garden employee instructed Plaintiff that it was safe to proceed through the area, Plaintiff took a

---

[8] *Id.* p. 19.
[9] *Id.* pp. 29-33.
[10] *Id.* pp. 27-28.
[11] *Id.* pp. 45-46.
[12] *Id.* 55:17-20.
[13] *Id.* pp. 49:19-53.
[14] *Id.*

step and immediately slipped and fell.[15] Plaintiff testified that he was aware when he approached the area that there was a risk, but was assured by the Olive Garden employee that it was safe to walk through that area.[16]

Defendants maintain that the condition of the floor was open and obvious because of the placement of the chairs and warning cones. Defendants suggest that Plaintiff took an unreasonable risk by walking through the area that had been blocked off. In this matter, the Court finds that there is a genuine issue of material fact for trial as to whether the condition of the floor was open and obvious and whether Plaintiff took an unreasonable risk. Here, Plaintiff has testified that he was instructed to proceed through the area by an Olive Garden employee and another employee moved the chairs. Defendants have presented no summary judgment evidence to refute Plaintiff's version of the incident.

## CONCLUSION

For the reasons explained above, the Court will deny the Motion for Summary Judgment (Doc. 14) filed by Defendants, Olive Garden Holdings, LLC GMRI, Inc. erroneously named "FCPT Restaurant Properties, LLC"), and Darden Restaurants, Inc.

**THUS DONE AND SIGNED** in chambers on this 8th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

[15] *Id.* pp. 49-53; 83.
[16] *Id.* p. 54.